IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

CARPENTERS DISTRICT COUNCIL OF
KANSAS CITY PENSION FUND, *et al.*,

Plaintiffs,

vs.

Case No. 4:18-cv-00004-ODS

INSTALL SOLUTIONS, LLC,

Defendant.

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Install Solutions, LLC ("defendant" or "ISS") responds to the allegations of the Complaint (Doc. 1) filed by plaintiffs on January 3, 2018 as follows:

### COUNT I
**(Carpenters District Council of Kansas City Pension Fund)**

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Count I of the Complaint and therefore denies same.

2. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Count I of the Complaint and therefore denies same.

3. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Count I of the Complaint and therefore denies same.

4. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Count I of the Complaint and therefore denies same.

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of Count I of the Complaint and therefore denies same.

6. The allegations of paragraph 6 of Count I of the Complaint are denied.

7.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7 of Count I of the Complaint and therefore denies same.

8.  It is admitted that defendant entered into a collective bargaining agreement ("CBA") with the St. Louis-Kansas City Carpenters' Regional Council (the "Union"). The remaining allegations of paragraph 8 of Count I of the Complaint – if any – are denied.

9.  It is admitted that defendant entered into a CBA with the Union and that certain employees of defendant are covered by the CBA. The remaining allegations of paragraph 9 of Count I of the Complaint – if any – are denied.

10. The allegations of paragraph 10 of Count I of the Complaint are denied.

11. The allegations of paragraph 11 of Count I of the Complaint call for a legal conclusion to which no response is required.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 12 of Count I of the Complaint and therefore denies same.

13. The allegations of paragraph 13 of Count I of the Complaint are admitted.

14. The terms of the CBA and related documents are in writing and speak for themselves. The allegations of paragraph 14 of Count I of the Complaint are denied to the extent they contradict such writings.

15. The terms of the CBA and related documents are in writing and speak for themselves. The allegations of paragraph 15 of Count I of the Complaint are denied to the extent they contradict such writings.

16. The allegations of paragraph 16 of Count I of the Complaint are denied.

17. The allegations of paragraph 17 of Count I of the Complaint call for a legal conclusion to which no response is required.

18. The allegations of paragraph 18 of Count I of the Complaint call for a legal conclusion to which no response is required.

## COUNT II
### (Carpenters Health and Welfare Trust Fund of St. Louis)

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Count II of the Complaint and therefore denies same.

2. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Count II of the Complaint and therefore denies same.

3. The allegations of paragraph 3 of Count II of the Complaint are admitted.

4. In response to the allegations of paragraph 4 of Count II of the Complaint, defendant incorporates its answers above to paragraphs 1-18 of Count I.

## COUNT III
### (Carpenters Vacation Trust Fund of St. Louis)

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Count III of the Complaint and therefore denies same.

2. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Count III of the Complaint and therefore denies same.

3. The allegations of paragraph 3 of Count III of the Complaint are admitted.

4. In response to the allegations of paragraph 4 of Count III of the Complaint, defendant incorporates its answers above to paragraphs 1-18 of Count I.

## COUNT IV
### (Carpenters' Joint Training Fund of St. Louis)

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Count IV of the Complaint and therefore denies same.

2. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Count IV of the Complaint and therefore denies same.

3. The allegations of paragraph 3 of Count IV of the Complaint are admitted.

4. In response to the allegations of paragraph 4 of Count IV of the Complaint, defendant incorporates its answers above to paragraphs 1-18 of Count I.

## COUNT V
### (St. Louis- Kansas City Carpenters' Regional Council)

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Count V of the Complaint and therefore denies same.

2. The allegations of paragraph 2 of Count V of the Complaint are admitted.

3. In response to the allegations of paragraph 3 of Count V of the Complaint, defendant incorporates its answers above to paragraphs 1-18 of Count I.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim against defendant upon which relief may be granted.

2. Plaintiffs' claims against defendant may be barred – in whole or in part – by waiver, estoppel and laches.

3. Plaintiffs' claims against defendants may be barred – in whole or in part – by their failure to exhaust contract remedies.

*WHEREFORE*, defendant Install Solutions, LLC prays for a judgment in its favor and against plaintiffs on all counts; for the costs of this action; for its attorney's fees incurred herein; and for such further relief as the Court deems just.

**HORN AYLWARD & BANDY, LLC**

/s/ Robert M. Pitkin
Robert M. Pitkin        MO #37835
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone: 816-421-0700
Facsimile: 816-421-0899
rpitkin@hab-law.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 16, 2018, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

/s/ Robert M. Pitkin
*Attorney for Defendant*